## Barclay *against* Tracy.

If different lots of articles are sold to one person at an auction sale, and one of the lots is warranted, but turns out different from the warranty, in consequence of which the buyer refuses to take it, but the parties agree to settle for the other articles without prejudice to either, such acceptance of the other articles does not preclude the buyer from contesting his liability for the loss on a resale of the articles warranted.

Where the terms of sale and responsibility of the parties are different in the sale of different articles to one person at an auction, the contracts in respect to them may be considered as different, and not one entire contract.

ERROR to the District Court of the city and county of *Philadelphia.*

This action was brought by Andrew C. Barclay and John M. Kennedy, trading as A. C. Barclay & Co., against Michael Tracy, to recover the amount of the loss sustained by the plaintiffs on the resale of certain grapes bought by the defendant at a former sale at auction.

It appeared that the plaintiffs having received a cargo of fruit, placed it in the hands of Richards & Bispham to be sold by auction; and that on the 11th of October 1838, the defendant bought of them at auction 100 half-boxes of raisins at $1.10 per box; 50 quarter-boxes of raisins at 62½ cents per box; 95 kegs of raisins at $4 per keg; 50 frails of figs at 5 cents per lb.; and 230 half-kegs of grapes at $2.55 per half-keg; the total amount of which was $1168.75, of which $586.50 was the amount of the grapes.

[Barclay v. Tracy.]

The terms of sale were for sums under $500, cash—of $500 to $1000, ninety days — over $1000, four months for approved endorsed notes. On the 19th of October the plaintiffs called on the defendant to take away the grapes, but he refused, alleging that they had been sold by sample, and were not equal to the sample. The parties then agreed that the defendant should receive and pay for all the articles sold except the grapes, and that this should be without prejudice to the rights of either; and this was accordingly done.

The judge left it to the jury to say whether the sale was by sample, and whether the grapes equalled the sample; and was requested by the plaintiffs to charge that the defendant's purchase exceeding $1000 in amount, constituted an entire contract, and that the defendant was bound to take the whole of the articles bought, or entitled to none; and that by taking all but the grapes he committed himself, and lost his right to rescind the contract as to the grapes, and affirm the same, without the plaintiff's consent, as to the residue. The judge answered, " I do not think this position tenable upon the evidence in the case. Generally, each item or lot of articles sold separately at one time at auction, constitutes both in law and in fact a different contract. The terms giving credit for sums over $500, do not, I think, make a difference; they were for the defendant's benefit. By rejecting one article sold separately, and taking another, he may lose the credit wholly or in part. The parties settled without prejudice to their rights in respect to the grapes."

The errors assigned were that the judge erred in charging " the real dispute between the parties is whether or not the grapes were sold by sample, and, if they were, whether the bulk of the 230 half-kegs was equal to the sample;" the plaintiffs having declared upon an entire contract for the sale of divers fruit, and laid the breach on the refusal to take and pay therefor according to the contract. In not charging as requested by the plaintiffs. And in charging that the said sale was not entire, but several sales.

*Kennedy,* for the plaintiffs in error, contended that where one person made various purchases of different lots of articles at the same sale from the same vendor, the whole forms one entire contract. 17 *Wend.* 336; 20 *Ib.* 436; 2 *Barn. & Cres.* 37; *Coffman* v. *Hampton,* (2 *Watts & Serg.* 390).

*Perkins, contra.*

The opinion of the court was delivered by

Huston, J.—This suit was brought to compel the defendant to pay for some fruit bought at auction. At a sale of the fruit brought in the brig Echo, made by Richards & Bispham, the defendant bought, on the 11th of October 1838, 100 half-boxes of

[Barclay v. Tracy.]

raisins at $1.10, $110; 50 quarter-boxes of raisins at $62\frac{1}{2}$ cents, $31.25; 95 kegs of raisins at $4, $380; 50 frails of figs, $61; 230 half-kegs of grapes at $2.55, $586.50. The terms of sale were, under $500, cash—of $500 to $1000, ninety days—over $1000, four months. Mr Tracy took and paid for all the articles except the grapes. On the 12th of October, a notice was given that unless the grapes were taken according to contract, they would be resold at Tracy's risk. It was admitted that the plaintiffs and defendant settled for the other articles without prejudice to the rights of either party.

One question of fact was whether the grapes were sold by sample, and several witnesses present at the sale were examined. This was left to the jury, who found they were sold by sample, and were not near equal to the sample. In his charge to the jury, the judge gave an elaborate opinion as to sales by sample, to which the plaintiff has not excepted, nor could he; but he raised a point of law, viz.: he said the defendant was bound to take the whole or none, and that the defendant had committed himself by taking the raisins and figs. The judge to this said, " I do not think this point tenable in this case. Generally, each article or lot of articles sold separately at one time at auction, constitutes both in law and fact a different contract. The terms giving credit for sums over $500, do not, I think, make a difference; they were for the benefit of the defendant. By rejecting one article sold separately, and taking another, he may lose the credit wholly or in part. The parties settled without prejudice to their rights in respect to the grapes." The plaintiffs assigned this last part as error, in not charging that the sale to the defendant on the 11th of October 1838, exceeding $1000 in amount, constituted an entire contract binding the defendant to take all or none; and that by the defendant taking all but the grapes, he committed himself, and lost his right to rescind his contract as to the grapes and affirm it as to the residue; and in charging that the sale was not entire, but several sales.

Before coming to the main point, I will say the Court did not say this was a several sale. The counsel, when asked whether at the same sale one article might not be warranted or sold by sample, and another sold without warranty or sample, would not say this could not be done—and could not say, for the universal practice and constant course of business and reason and common sense show that it can. Again: the parties made a new contract, and the plaintiffs got pay for the other articles at ninety days, instead of four months, and agreed that this arrangement should be without prejudice to either party in the suit about the price of the grapes. Now, the counsel ask the Court to say that so far is this from being without prejudice, that it effectually estops the defendant from any and every defence; and that " without prejudice to either party," means to give the decision to one party, and takes away

[Barclay v. Tracy.]

all defence from the other. I trust no merchant in this city ever construed an agreement to part with prejudice to the rights of the parties, as the Court was asked to construe this.

It sometimes happens that a case is cited and supposed to govern another, when in fact it has not much bearing on it. The case in 17 *Wend.* 330 was this. An auctioneer offered for sale five separate parcels of goods, which were severally bought by one person. In point of fact, these parcels were owned by different persons. The purchaser did not know this; he got and settled for four, and demanded from the auctioneer the other parcel, and tendered a note according to the terms of sale, and then tendered the cash. The auctioneer would say nothing; the owner of that parcel would not deliver it; the buyer brought suit against the auctioneer, who defended himself by the statute of frauds which makes a sale above £10 void unless a note in writing, or delivery and acceptance of part of the goods. The Court decided that as the auctioneer had not disclosed the owner, he was liable as owner of the whole; and that the delivery and acceptance of part took the case out of the statute; and plaintiff recovered. In 2 *Watts & Serg.* 390, a person bought a number of articles at a sale by a constable; and after many disputes, it was decided that all the articles made one purchase; and as some were resold, the buyer had to pay the difference between first and second sale, and the expense of keeping the pigs: but in neither of these cases was there any difference in the terms of sale or of warranty by the seller—the terms were precisely the same, and the guaranty the same, as to every article sold. In the case before us, the terms and responsibility as settled by the verdict were different, and there were two distinct contracts; and it requires no reasoning nor authority to show that two distinct contracts are not one contract. It is only necessary to say that the charge of the judge is to be considered as applied to this case; and if correct when so applied, it is not necessary that it would be so if applied to every possible state of facts.

Before leaving this case, I will mention another in which the expressions of the court may at first seem at variance with the cases cited. In *Stoddart* v. *Smith*, (5 *Binn.* 355), the case was this. One party agreed to sell say forty-five lots in the city of Washington, and the number of each lot on the plan was given. The buyer gave notes and bonds for the price, above $14,000. The lots were not contiguous to each other. It so happened that the seller could not make any title to five of the lots. The buyer refused payment because he could not get all. But the plaintiff recovered for the lots he could and did convey. It would have been otherwise if the five lots had been essential to the plan of the purchase, or to the beneficial enjoyment of the others. So of the purchase of a tract of land, if the title to a few acres is not good, if these acres are of no more value than the rest, or the loss of them does not defeat the object of the purchaser, the contract will

[Barclay v. Tracy.]

not be rescinded, but compensation made.   Chancellor Kent cites this case with approbation, and says the law is the same whether the sale be of goods or land, (2 *Kent* 372); and he cites many cases to show that Courts of Chancery have compelled a specific performance where the seller could not make title to the whole. I do not think the cases clash.   The points decided are not the same, though some of the facts are similar.   I do not consider the case in 5 *Binn.* overruled.   It is supported by many authorities. I mention it that a student may not be misled by the cases here cited, and may not consider them as universally the law under all aspects, though in the cases the point decided is clearly correct.

Judgment affirmed.