# Lippincott *et al. versus* Low.

1. Whether covenants in an agreement are dependent or independent, is to be determined by the intention of the parties appearing in the instrument.
2. If independent they are to be treated as if on separate pieces of paper.
3. Covenants in the agreement in this case held to be independent.

March 30th 1871.   Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.   WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lycoming county :* Of January Term 1871, No. 311.

Ejectment by James Low against Edward Lippincott for an undivided half of three tracts of land; the writ issued July 9th 1868; the defendant's interest in the land was afterwards sold at sheriff's sale, and the purchasers, Henry C. Patterson and William H. Lippincott, were on their application made defendants.

The plaintiff and Edward Lippincott, on and previously to the 15th of June 1866, were partners in the lumbering business, and owned the land in dispute with other lands as tenants in common.

They entered into the following agreement :—

[Lippincott v. Low.]

" This agreement of dissolution of partnership, heretofore existing between James S. Low and Edward Lippincott, made this 15th day of June 1866, witnesseth, That the said James S. Low and Edward Lippincott, do hereby agree to divide the property of the firm as follows :—

" James S. Low will take the lot of land he now lives on, and the lot purchased, &c. * * * The said Edward Lippincott will take all the hemlock timber, &c., * * * except the chestnut, all of which, on said lots, will be the property of the said James S. Low. The said Low is also entitled to all the hemlock timber growing on 2½ acres of land, &c. * * * It is also agreed that the said Low or his assigns shall have the preference over parties in contracting to cut and deliver the timber on the lots above named, &c. * * * The said Edward Lippincott will take all the other real and personal estate belonging to the firm of Low & Lippincott, and all rents, profits and debts due from the firm, except such as are above apportioned to James S. Low, and assumes to pay all the debts due from the firm, and also to pay a note given Jacob Stultz by James S. Low, and also to pay the said James S. Low, his heirs or assigns, the sum of $4000 as follows: $100 at the delivery of these presents, the receipt of which is herewith acknowledged, and $1000 with interest on all sums unpaid on or before the 1st day of April next, and the balance in equal annual payments with interest. If the said Edward Lippincott fails to make the payments as above mentioned, or any of them, it is agreed that the said James Low shall be entitled to claim the interest which he before possessed in the property, and in all improvements made thereon. It is further agreed that the said Lippincott shall remove the timber from the Wesley lot within three years, &c., * * * and from the other two lots within ten years, &c., * * * in consideration of which he agrees to leave all buildings, at the expiration of the term of ten years erected thereon by him, but reserves to himself the right to remove all machinery, and the engine and boilers of the mill, and he also agrees not to locate his mill so as to deprive the said Low of the use of the water-power afforded by the West Branch of Murray's Run." * * *

The first payment of $100 was made June 15th 1866, and $234 were paid by E. Lippincott, May 17th 1867, for interest on the agreement.

The plaintiff gave in evidence the foregoing facts, except the sheriff's sale to Patterson and W. H. Lippincott, which was given in evidence by the defendants.

The plaintiff's point was :—

The plaintiff is entitled to recover the land described in the writ to be released upon the payment of the balance of the unpaid purchase-money at such time as may be fixed by the jury.

The defendants' points were :—

[Lippincott *v.* Low.]

1. The plaintiff having brought this action for the specific performance of the agreement of dissolution, cannot recover, because he has not included in his writ all the real estate and timber rights agreed by said contract to be conveyed to Edward Lippincott.

2. The verdict in this case should be upon condition that defendants pay to plaintiff the $4000 and the interest thereon, and also that he tender to plaintiff, or file in the court for their use, a conveyance of the real estate agreed to be conveyed by the said Edward Lippincott to the plaintiff, and that plaintiff shall execute to Edward Lippincott, or those entitled to his rights, a conveyance of all the lands and timber rights agreed to be conveyed to said Lippincott by said Low.

3. The conditional verdict should be so framed as to cover the entire agreement, and provide for the performance of all the covenants therein contained by the respective parties, and should not omit to provide for the performance of any of the covenants on the part of either of the parties.

4. Plaintiff having brought this action for the specific performance of the said agreement, the verdict must cover the entire contract, and he cannot go for a performance of part of the covenants in the agreement and exclude other covenants in the same agreement.

5. The agreement given in evidence is an entire contract, and specific performance cannot be decreed as to only part of the covenants therein contained, nor can a verdict be rendered which would amount to a decree of partial performance only.

The court (Gamble, P. J.) charged:— * * * "We instruct you that the plaintiff is entitled to a conditional verdict for the lands described in his writ, to be released upon the payment of the balance of the purchase-money due upon the agreement of June 15th 1866, within such time as you may deem reasonable. The plaintiff, in the mean time, to execute and file a deed of conveyance to Henry C. Patterson and William H. Lippincott, to be delivered to them upon the payment of the amount of the verdict;" and negatived all the points of the defendant.

The verdict was, " The jury find the undivided half interest in the lands described in the writ for the plaintiff to be released by the said plaintiff, and deed of conveyance made to the said Patterson and Lippincott, defendants, upon their payment to the plaintiff of the sum of $4661, with interest, in ninety days from this date, the said sum being the whole amount of purchase-money owing and due upon the lands described in the writ."

Judgment having been entered on the verdict, the defendants took out a writ of error, and assigned for error the denial of their points and the portion of the charge given above.

[Lippincott *v.* Low.]

*S. Linn* (with whom were *H. H. Cummin* and *W. H. Armstrong*), for plaintiffs in error, cited Peebles *v.* Reading, 8 S. & R. 484.

*R. P. Allen* (with whom was *H. C. Parsons*), for defendant in error, cited Dougan *v.* Blocher, 12 Harris 28.

The opinion of the court was delivered, May 8th 1871, by

SHARSWOOD, J.—Whether covenants in an agreement are dependent or independent is a question to be determined by the intention of the parties as it appears on the instrument: Addison on Contracts 865, Ingersoll's ed. If they are independent, they are to be treated in all respects as though they had been written on separate pieces of paper. Thus, a contract for the purchase and sale of a large plat of ground, consisting of several different lots or tracts, may make the purchase and sale of each tract a separate and distinct contract, though in the same writing. It is like a several bond, executed by several. It will be treated as such both at law and in equity. Among many other cases in our books illustrative of this principle I may refer to Stoddart *v.* Smith, 5 Binn. 355; Barclay *v.* Tracy, 5 W. & S. 45; Bredin *v.* Agnew, 3 Id. 300; Wright *v.* Smyth, 4 Id. 527.

The articles of agreement between James S. Low and Edward Lippincott contain covenants which are clearly of this character. In the terms of the dissolution of their partnership, they made first a specific division of certain assets of the firm. Low took certain lands—Lippincott certain timber. Then it was agreed that Lippincott should take all the other real and personal estate, and in consideration thereof assumed to pay all the debts of the firm, and to pay Low $4000 in instalments. This last is certainly a distinct agreement, entirely independent of the previous stipulations for the specific division of the property. It stands apart and by itself. What is added, however, makes this still more plain. "If the said Edward Lippincott fails to make the payments as above mentioned, or any of them, it is agreed that the said James Low shall be entitled to claim the interest which he before possessed in the property, and in all improvements made thereon."

It is evident, therefore, that the learned judge below was perfectly right in refusing to charge as requested by the defendants below, and these refusals constitute all the errors which have been assigned here.

Judgment affirmed.