## J. C. Lehman, Appellant, *v.* Amelia S. Given, now Amelia S. Beall, Surviving Executrix of Sarah H. Given, deceased.

*Deed—Contract—Title to land.*

G. conveyed with covenants of general warranty four hundred and eighty-four acres of land to P. for $4,000. Subsequently P. conveyed three hundred and five acres of the land to L. for $5.00 per acre. L. in part payment of the land gave his note to P. for $720, and P. transferred the note to G. on account of the purchase money due from him to her. Before the note matured all parties knew that an adverse claim had been set up against all or a portion of the land. L. refused to pay the note unless G. agreed to refund the money in case the title failed. G. signed an agreement in writing reciting the facts as above, and continuing as follows: "Now therefore in consideration of the payment of the note to me, by L., I hereby covenant and agree to refund the moneys paid to me by said L. in discharge of said note in the event of it being legally decided that the title to said land conveyed by me to said P. is invalid, and the land is recovered by any one having a superior title to the same." L. relying upon the agreement paid the note. Subsequently the adverse claimants of the land recovered seventy-seven and one half acres of the land conveyed by G. to P., and included in the latter's deed to L. G. had notice of the suit and appeared by counsel in opposition to it. *Held,* (1) that the agreement was in the nature of a warranty of title, and might be regarded as a substitute for it, with a restriction of liability to the amount paid on the faith of it; (2) that L. was entitled to recover from G. for the loss of the seventy-seven and one half acres the same that he would have recovered in an action for the breach of a former warranty of title, with interest when no prior demand was made, from the institution of the suit.

Argued April 30, 1896. Appeal, No. 299, Jan. T., 1896, by plaintiff, from judgment of C. P. Cumberland Co., non obstante veredicto. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Reversed.

Assumpsit on a contract in writing. Before BIDDLE, P. J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

[In case you find in favor of the plaintiff, the verdict should be in dollars and cents for the value of seventy-seven and a half

acres at $5.00 per acre, which is the price Mr. Lehman paid for the land, namely: for three hundred and eighty-seven dollars and fifty cents ($387.50), with interest from October 31, 1894, which is the date on which suit was brought and demand thereby first made.] [2]

The judge reserved the following question:

Is the agreement of April 3, 1882, an entire and nondivisible one, in the sense that no recovery can be had thereon by the plaintiff, unless he proves that it has been legally decided that the title to all the land conveyed by Mrs. Given to Paxton and by Paxton to the plaintiff is invalid, and that all of said land has been recovered by persons having a superior and better title to the same.

Verdict for plaintiff for $417.40, subject to a question of law reserved. The court subsequently entered judgment for defendant non obstante veredicto.

*Errors assigned*, among others, were (2) above instruction, quoting it; (3) entering judgment for plaintiff non obstante veredicto.

*F. E. Beltzhoover* and *W. F. Sadler*, with them *S. M. Leidich*, for appellant.—In construing a deed it is proper and sometimes necessary to consider the circumstances under which it was made for the purpose of ascertaining the intention of the parties: Meigs v. Lewis, 164 Pa. 602; Cox v. Freedley, 33 Pa. 124; Miner's App., 61 Pa. 283; Lacy v. Green, 84 Pa. 514; Merriman v. U. S., 107 U. S. 437; M. & M. R. R. v. Jurey, 111 U. S. 584.

Whether the contract was severable or entire depends on the intention of the parties, and in ascertaining that intention it is proper to consider the language of the contract in connection with the conceded acts of the parties: McCrelish v. Churchman, 4 R. 26; Bredin v. Agnew, 3 W. & S. 300; Wright v. Smyth, 4 W. & S. 527.

A general covenant of warranty runs with the land and a remote grantee may recover against the covenantor in case of a breach: De Chaumont v. Forsythe, 2 P. & W. 507; Williams v. Beeman, 2 Dev. L. 483. A grantee in a deed containing a

general warranty may recover from his grantor the ratable value of that portion of the land the title to which has subsequently failed, together with interest thereon: McClure v. Gamble, 27 Pa. 288; Hood's App., 7 Atl. Rep. 137; Steinhauer v. Witman, 1 S. & R. 437; Youngman v. Linn, 52 Pa. 416; Cox v. Henry, 32 Pa. 18; 4 Am. & Eng. Ency. of Law, 565. The loss for which the covenant of warranty is invoked is of the land itself or some part of it: Wilson v. Cochran, 46 Pa. 231. Even if a parol agreement by vendor to refund purchase money on failure of title is enforceable by action: Close v. Zell, 141 Pa. 390.

*John Hays*, with him *R. M. Henderson* and *J. Webster Henderson*, for appellee.—When the words of a contract are clear and consistent, when they contain no ambiguity, and no fraud or mistake is alleged, the intention of the parties cannot be shown to override their obvious meaning: Palmer v. Farrell, 129 Pa. 162; Shafer v. Senseman, 125 Pa. 310; Duffield v. Hue, 129 Pa. 94; Elliott v. Wanamaker, 155 Pa. 67; Frazier v. Monroe, 72 Pa. 166.

Where the subject of a sale consists of an entire lot of growing timber of a certain description, and the price to be paid is not apportioned to an item thereof, the contract is entire, and but one action can be maintained therein: Alcott v. Hugus, 105 Pa. 350; Mining Co. v. Jones, 108 Pa. 55. If the consideration is single the contract is entire, whatever the number or variety of the items embraced in its subject, but if the consideration is apportioned expressly or impliedly to each of these items the contract is several: Lucesco Oil Co. v. Brewer, 66 Pa. 351; Rugg & Bryan v. Moore, 110 Pa. 236; Gill v. Lumber Co., 151 Pa. 534; Wilkinson v. Becker, 155 Pa. 194; Martin v. Fridenberg, 169 Pa. 447; Quigley v. DeHaas, 82 Pa. 267; Martin v. Schoenberger, 8 W. & S. 367. There can be no recovery for a part performance of an entire contract: Martin v. Schoenberger, 8 W. & S. 367; Shinn v. Bodine, 60 Pa. 182; Gillespie Tool Co. v. Wilson, 123 Pa. 19.

Interest is a legal and uniform rate of damages, in absence of any express contract, when payment is withheld after it has become the duty of the debtor to discharge the debt: Minard v. Beans, 64 Pa. 411: Wacker v. Straub, 88 Pa. 32.

OPINION BY MR. JUSTICE McCOLLUM, October 5, 1896:

On the 15th of June, 1879, Sarah H. Given, the decedent, conveyed with covenants of general warranty four hundred and eighty-four acres of land to George W. Paxton for the consideration or sum of $4,000, and on the 8th of March, 1880, Paxton conveyed three hundred and five acres of the same to J. C. Lehman for $5.00 per acre. Lehman, in part payment of the land he bought of Paxton, gave his note to the latter for $720, and Paxton transferred the note to Mrs. Given on account of the purchase money due from him to her. Before the note matured it was known to Lehman and to Mrs. Given that the heirs of John Griswold claimed all, or a portion of the land. Lehman therefore refused to pay the note without an agreement from Mrs. Given to refund the money in case the Griswold heirs succeeded in establishing their claim. To meet and remove Lehman's objection to the payment of the note Mrs. Given executed and delivered to him a paper of which the following is a copy: "Whereas I sold and conveyed to George W. Paxton a tract of mountain land in South Middletown township who sold the same to J. C. Lehman, and received from him in part payment thereof a note for $720, which said Paxton transferred in part payment of the purchase money for the land as aforesaid sold by me to him. Now therefore in consideration of the payment of the note to me by the said J. C. Lehman I hereby covenant and agree to refund the moneys paid to me by said Lehman in discharge of said note in the event of it being legally decided that the title to said land conveyed by me to said Paxton is invalid and the land is recovered by any one having a superior title to the same. . . . Witness my hand and seal the 3rd of April, 1882. S. H. Given." This paper was under seal and witnessed by Samuel Given; and Lehman relying upon the promise contained in it, paid the note. The suit brought by the Griswold heirs for the recovery of the land resulted in the establishment of a good title in them to seventy-seven and one half acres of the land conveyed by Mrs. Given to Paxton, and included in the latter's deed to Lehman. Mrs. Given had notice of the suit and appeared by her counsel in opposition to the claim of the plaintiffs in it.

This action was brought to enforce the agreement or promise of April 3, 1882. The plaintiff was defeated in the court below

on the ground that he was not entitled to have the $720 or any part thereof refunded until that portion of the land included in Mrs. Given's deed to Paxton was recovered from him by a party "having a superior and better title to the same." In other words it was held that a recovery by such a party of all the Given land which Paxton conveyed to him was a condition precedent to a suit for all or any part of the money he paid "in discharge of the note." Was this a correct interpretation of the agreement? The answer to this question must rest upon a consideration of the language of the agreement in connection with the subject-matter of it and the surrounding circumstances. Mrs. Given's deed of the land to Paxton contained a warranty of title and the protection it afforded extended to his alienee. The note which Mrs. Given held represented the price of one hundred and forty-four acres of the land and $1,525 was the price of the whole of it. Mrs. Given wanted the money called for by the note and Lehman wanted protection to the amount of it against the claim of the Griswold heirs. Under these circumstances the agreement in question was executed and the note was paid. If prior to this transaction there had been a recovery by the Griswold heirs of one half the land, such recovery would have constituted a complete defense to an action on the note. It is quite certain that the plaintiff was a loser by the transaction if the agreement on which he parted with his money was correctly construed by the court below. Without the agreement he might have recovered in an action on the warranty of title the price of the land taken from him, while in an action on the agreement as interpreted by the court below he can recover nothing until he loses all the land, and then his right to recover is limited to less than one half the price of it. It is obvious that such results were not contemplated by the parties. It was not their intention to make the covenant to refund dependent upon a failure to the whole tract conveyed by Mrs. Given to Paxton, and yet the language of the agreement admits of an interpretation that would make it so. The learned court below did not so construe it, but limited the right to recover upon it to a failure of title to that portion of said land which Paxton conveyed to Lehman. The recognition of the right of the plaintiff to maintain a suit upon the agreement without proof of an adjudication that the title to all the land

conveyed by Mrs. Given to Paxton was invalid was consistent with the intention of the parties, but the limitation of it was not. The agreement was in the nature of a warranty of title, and may be regarded as a substitute for it with a restriction of liability to the amount paid on the faith of it. We conclude therefore that the plaintiff was entitled to recover for the loss of the seventy-seven and a half acres the same that he would have recovered in an action for the breach of a formal warranty of title. This conclusion accords with the obvious intention of the parties to the arrangement under which the note was paid, and is supported by the decisions of this court: Cox v. Freedley, 33 Pa. 124; Miner's App., 61 Pa. 283; Lacy v. Green, 84 Pa. 514; Meigs v. Lewis, 164 Pa. 602; Mining Co. v. Jones, 108 Pa. 55; M'Crelish v. Churchman, 4 Rawle, 26; Bredin v. Agnew, 3 W. & S. 300, and Wright v. Smyth, 4 W. & S. 527. We cannot say that the court below erred in its instruction in regard to interest.

Judgment reversed and judgment now entered upon the verdict in favor of the plaintiff and against the defendant for $417.40 with interest from February 4, 1896.