# Commonwealth of Pennsylvania v. Harry E. Smith, Appellant.

*Appeal—Husband and wife—Action for support.*

An appeal in a proceeding, under the Act of April 13, 1867, P. L. 78,
by a wife against her husband, to obtain an order for her support confines
the appellate court to an examination of the jurisdiction of the court and
the regularity of the record.

*Jurisdiction, Q. S.—Questions of fact—Agreement to live separate.*

A reasonable agreement to live separate and apart if based upon good
consideration will protect the husband in an action for support, but it is
for the quarter sessions to determine the reasonableness of such agreement
and their ruling thereon will not be reviewed, nor can the appellate court
reconsider any question of fact passed upon by the court below.

Argued March 13, 1900.   Appeal, No. 7, March T., 1900, by
defendant, from judgment of Q. S. Dauphin Co., June Sess.,
1899, No. 286, making order on defendant for support of his
wife.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER
and W. D. PORTER, JJ.   Affirmed.   Opinion by BEAVER, J.
W. W. PORTER, J., dissents.

Charge of desertion and nonmaintenance.  Before WEISS, J.

At the trial defendant offered in evidence a deed of separation whereby the wife in consideration of $20.00 agreed to live separate and apart from defendant, and covenanted that she would not from henceforth at any time hereafter, trouble, molest, sue or prosecute said defendant for any claims for maintenance or alimony, nor for any debts, dues or demands contracted or to be contracted by her.  The court after hearing made an order on defendant that he pay the costs of prosecution, that he pay for the support of his wife $1.25 per week and give security in the sum of $100, conditioned that he carry out this order.  Defendant appealed.

*Errors assigned* among others were (1) in deciding that the deed of separation was not a bar to this prosecution, reciting said deed of separation.  (2) In not dismissing the prosecution and discharging defendant.

*Wm. M. Hargest*, with him *H. M. Bretz*, for appellant.—The appellant contends that the case is ruled by Com. v. Richards, 131 Pa. 209.

In Com. v. Blackburn, 15 Mont. L. Rep. 175, a similar agreement is passed on and though the agreement was not carried out by the husband, it was held the prosecution for maintenance would not lie.  .

This precise question was also decided in the same way by the court of appeals of New York: Galusha v. Galusha, 6 L. R. A. 487.

*Albert Millar*, for appellee.—The decree of the court is presumed to be based on the evidence, and although not stated and found as a fact, the presumption is that the court below made the order for the reason that the agreement of separation was so unreasonable in its terms that it was no bar to the prosecution under the act of 1867.

The presumption is, in the absence of anything on the record, that the court below made the decree for one of the reasons expressed by the Supreme Court, i. e., " the terms were unreasonable."  In all of the cases cited in appellant's paper-book, one of the vital essentials to such an agreement is that it be reason-

able in its terms : Franks's Estate, 8 Pa. Dist. Rep. 86 ; Bloom
v. Bloom, 8 Pa. Dist. Rep. 563.

The record being free from irregularity, the appellate court
will not go outside of it in search of reasons for holding that
the court committed error in granting a license : Donovan's
License, 9 Pa. Superior Ct. 647.

OPINION BY BEAVER, J., April 23, 1900 :

This is a proceeding under the Act of April 13, 1867, P. L.
78, based upon an information made by Lizzie S. Smith against
her husband, Harry E. Smith, to obtain an order for her support.

An appeal in cases of this character operates merely as a cer-
tiorari and, therefore, confines us to an examination as to the
jurisdiction of the court and the regularity of the record : Com.
v. Tragle, 4 Pa. Superior Ct. 159 ; Com. v. Hart, 12 Pa. Supe-
rior Ct. 605. The jurisdiction of the court below in this case
is not in any way questioned or denied, and the record shows
regular proceedings under the act above mentioned and a proper
decree based upon those proceedings by which " it is ordered
that the defendant pay the costs of this prosecution ; that he
pay for the support of his wife $1.25 per week and that he give
security in the sum of $100, conditioned that he carry out this
order.".

The appellant strenuously insists that he is not liable to con-
tribute to the support of his wife, by reason of an agreement
of separation which, by its terms, provides that the wife " shall
not henceforth at any time hereafter trouble, molest, sue or
prosecute the said Harry E. Smith for any claims for main-
tenance or alimony." As was said in Scott's Estate, 147 Pa.
102, " It is settled law in this state that an agreement between
husband and wife to live separate and apart, if based upon a
good consideration and reasonable in its terms and actually
carried into effect by both parties will be valid and binding
upon the wife as upon the husband : Hutton v. Hutton, 3 Pa.
100 ; Dillinger's App., 35 Pa. 357 ; Hitner's App:, 54 Pa. 110 ;
Speidel's App., 107 Pa. 18." This applies to proceedings like
the present under the act of 1867, supra : Com. v. Richards,
131 Pa. 209.

The tribunal to determine the reasonableness of the provision
made for the support of the wife under the articles of separa-

tion was, however, the court of quarter sessions, and it is not difficult to reach a conclusion that in the exercise of a sound discretion the court found that the payment of $20.00 provided for in the agreement was not such a reasonable provision as a husband was bound to make in an agreement of that kind, when his earning capacity was at the time $5.00 per week and afterwards became, as it was at the time of the hearing, $7.00 per week. If, therefore, we consider the evidence submitted at the hearing—a very meager report of which accompanies the record—we have no difficulty in reaching the conclusion that the decree of the court was justified by the unreasonable consideration upon which the agreement to separate was based. As to the contention that the prosecutrix refused to return to and live with her husband it is sufficient to say that it involves a question of fact. The court was the judge of the credibility of the witness and we have no authority to set aside his finding upon any question of fact. Finding the record regular in every respect, the judgment is affirmed.

W. W. PORTER, J., dissents.