# Shimp, Appellant, *v.* Gray.

*Appeals—Practice—Jurisdiction of Superior Court—Affidavit of defense—Supplemental affidavit of defense.*

1. Where the court below has discharged a rule for judgment for want of a sufficient affidavit of defense and the plaintiff has taken an appeal to the Superior Court, the latter court will not permit the defendant to file a supplemental affidavit of defense, averring certain facts which did not come to his knowledge until after the appeal had been taken, though in fact they happened prior to the institution of the suit.

*Husband and wife—Agreement of separation—Covenants.*

2. A valid agreement may be made which provides for the separation of husband and wife, and for a stipulated allowance for her support where the separation is inevitable and immediate, and the validity of such covenants has been established by repeated decisions. They are to be disposed of as contractual covenants without regard to their sentimental source, and are to be enforced and defended against as any other covenant.

3. In an action by a wife against her husband to recover a weekly allowance provided for in articles of separation, an affidavit of defense is sufficient which avers that the plaintiff in violation of covenants of the agreement had the defendant arrested for nonsupport, had molested and annoyed him on the street, had threatened him, had circulated untrue stories about him, and had purchased goods and merchandise in his name, and had endeavored to persuade those from whom she had purchased to harass and sue the defendant.

Argued Oct. 8, 1909. Appeal, No. 254, Oct. T., 1908, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1908, discharging rule for judgment for want of a sufficient affidavit of defense in case of Thomas Y. Shimp, Trustee for Mabel Brunetta Gray, v. William A. Gray. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover weekly allowance. Before SULZBERGER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*Edgar W. Lank,* of *Smithers & Lank,* for appellant.

*A. S. L. Shields,* for appellee.

OPINION BY ORLADY, J., March 3, 1910:

The use plaintiff and the defendant were married in 1889 and thereafter lived together as husband and wife until April 15, 1907, when by reason of disputes and differences, they entered into an agreement to live separate and apart from each other. The defendant covenanted to pay to his wife for support and maintenance the sum of $25.00 per week, during the term of her natural life, or until her divorce from the bonds of matrimony; to permit her to use and occupy a designated house, and the furniture and personal property therein; to furnish free of cost gas and fuel as might be necessary; to keep the property in repair and a number of minor matters fully set forth in the written contract between them. In consideration of these promises, the plaintiffs severally covenanted, promised and agreed to and with the defendant, that the wife would live separate and apart from him, and particularly that she would not claim, demand, sue or prosecute him for her support or maintenance (except that special promise should be broken), and to quote from the contract, "nor shall she at any time hereafter molest, disturb or trouble him, for living separate and apart from her, nor any other person or persons for entertaining or associating with him; nor shall she without his written consent visit him or annoy, enter into any house, place or office where he shall dwell and reside or be, nor come near, speak to nor communicate with him, orally or in writing, publicly or privately, directly or indirectly in any manner whatsoever." She further covenanted that she would not contract debts in his name, and some other matters specifically set forth in the contract.

This action was brought to recover weekly installments which the husband had refused to pay. In the affidavit of defense which he filed it is set forth, that after December 10, 1907, he refused to pay anything under the terms of the agree-

ment, because the wife had violated the covenants contained in the agreement as follows: "She caused the defendant to be arrested, charged with desertion and non-support; that she molested, disturbed and troubled and annoyed him in many ways; that she had threatened persons with whom he associated with bodily harm; that she had frequently stopped him upon the public highway, used vile and opprobrious language to him, and threatened him with bodily harm; that she circulated untrue stories with reference to his character, and visited his friends and business associates for the purpose of injuring his character and reputation; that she had purchased goods and merchandise in his name, and endeavored to persuade those from whom she had purchased to harass and sue the defendant to recover the value of same; and that during the named months she continued to live in adultery with a person therein named," all of which facts were set out fully and at length and verified by affidavit.

The court below discharged the rule for want of a sufficient affidavit of defense, and the plaintiff brings this appeal. The defendant presented his petition to this court asking leave to file a supplemental affidavit of defense, averring certain facts which did not come to his knowledge until after the appeal had been taken to this court, though in fact they happened prior to the institution of this suit, and he contended that he had the right to file the supplemental affidavit of defense in the appellate court, or at any time prior to the entry of judgment in the action.

The Act of June 24, 1895, P. L. 212, by which this court was created, provides, that it shall have no original jurisdiction except that it may issue writs of habeas corpus, but it shall have exclusive and final appellate jurisdiction of all appeals which are now allowed to the Supreme Court, in the class of cases mentioned in the act and including cases of this nature. The record is before us for review, as of the date when the appeal was taken. It has been frequently held that when an amendment is merely formal, and introduces no new or different cause of action depriving the opposite party of no substantial right, and which ought to have been made in the court

below, it will be considered in the appellate court as having been made: Patton v. Railway Company, 96 Pa. 169. Where it is apparent that a verdict erroneously includes a definite sum, a judgment may be entered for the correct amount, either in this court or sent back to the court below for such action: Emerson v. Schoonmaker, 135 Pa. 437. In Thornton v. Brinton, 144 Pa. 126, the court held that a merely formal error was amendable, and it appearing that the case had been tried on its merits between the real parties, the amendment was allowed in the Supreme Court under the Act of May 20, 1891, P. L. 101. But this case is quite different; it is sought to make a substantial change in the record, which affects the subject-matter involved and the rights of the parties. In Com. v. Phila., 180 Pa. 12, a petition for reargument was presented for leave to amend the return of the city solicitor, so as to set forth certain reasons for his action in the matter involved, and was verified by the affidavit of the city controller. The court refused to allow the amendment to be made, saying, "If it is intended as an additional and substantive ground of defense, application for leave should have been made to the court below. We prefer disposing of the question which counsel for the city and its controller intended to present for our decision, just as it came to us from the court below." Such has been the course of practice in this court ever since its organization, and we are not disposed to depart from it. The application to file a supplemental affidavit of defense is refused.

In this state, a valid agreement may be made which provides for the separation of husband and wife, and for a stipulated allowance for her support where the separation is inevitable and immediate, and the validity of such covenants has been established by repeated decisions. They are to be disposed of as contractual covenants without regard to their sentimental source, and are to be enforced and defended against as any other covenant. In Com. v. Richards, 131 Pa. 209; Scott's Estate, 147 Pa. 102, it was held that if such a deed was not fraudulently procured, and its terms are not unreasonable, it is a bar to a proceeding instituted in the quar-

ter sessions, and whether the conditions exist in a particular case, must always be on all the facts as developed, for the court below, and not for the appellate court: Com. v. Smith, 13 Pa. Superior Ct. 358; s. c., 200 Pa. 363.

Considerable stress has been laid upon the proposition that the plaintiff's right is conditioned upon the question whether the covenants are dependent or independent, but to our mind it is not material in this case, and the subtle distinctions that are at times given between dependent and independent covenants are not of any significance in this case. As said by the court below, "If dependent, the plaintiff cannot recover; if independent, the defendant has a right to set off against the plaintiff's claim the damages he has suffered by the breach of his covenant against molestation. There is therefore nothing, either in the state of the law or in the particular facts of the case, which could in any way modify the general law of set-off. The defendant has averred that, which if proved before a jury, will entitle him to damages for the wife's breach of her covenant against molestation. This is a question which must be tried by a jury." Whether covenants are dependent, concurrent or mutual depends on the intention of the parties ascertained by the application to the context of rules of interpretation, from which alone the fact is to be extracted: Bredin v. Agnew, 3 W. & S. 300; Lippincott v. Low, 68 Pa. 314; Lehman v. Given, 177 Pa. 580; and as was said in Keeler v. Schmertz, 46 Pa. 139: "It is the duty of a party seeking to enforce performance by the other party to make performance on his part a condition precedent, and tender or offer performance of it when he demands performance by the other side."

The record further discloses that the wife has resorted to the court of quarter sessions to compel the defendant to contribute to her support, and further that an .action in divorce is now pending in common pleas No. 5, and an allowance for alimony has been granted for the same amount per week as is stipulated in this contract.

The judgment is affirmed.