## Commonwealth *v.* Richards, Appellant.

518

Argued March 8, 1937. ■

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and JAMES, JJ. ■

*David Ash* and *Israel Krohn,* with them *Chauncey D.
Howell,* for appellant.

*Raymond C. Weber,* with him *Charles P. Maxwell,*
for appellee.

OPINION BY KELLER, P. J., April 16, 1937:

This case is governed, on the main point involved, by
our recent decision in *Com. ex rel. Isaacs v. Isaacs,* 124
Pa. Superior Ct. 450, 188 A. 551.

In that case a wife brought proceedings for support
against her husband, under the Act of April 13, 1867,
P. L. 78, 18 PS 1251, et seq., in the municipal court
(see Act of July 12, 1913, P. L. 711, sec. 11, and amend-
ments; *Com. v. Hopkins,* 53 Pa. Superior Ct. 16, af-
firmed, 241 Pa. 213, 88 A. 442). At the hearing the hus-
band contended that a separation agreement, entered
into between the parties seven years before, was a bar
to the proceedings under the Act of 1867. The court
held otherwise and, on March 24, 1936, made an order of

support. The defendant did not appeal, but later presented a petition to vacate the order, which, after rule granted and hearing, the court dismissed. From this order, the defendant appealed. This court held that the order of March 24, 1936, not having been appealed from, was res judicata; and that the reduction or vacation of that order was dependent on changes in conditions and circumstances of the parties occurring since it was entered. The opinion of Judge RHODES discusses the matters involved so adequately that it is not necessary to do more than refer to it.

In the present case, Mrs. Richards, in 1934, brought non-support proceedings against her husband, the appellant, in Northampton County, under the Act of 1867, supra. The matter came up for hearing before the court of quarter sessions,—to which jurisdiction is specifically given by the Act,—and on June 29, 1934 an order of $15 a week was made against defendant. No appeal was taken from that order. On June 15, 1935, the defendant filed a petition asking the court to strike off the order of June 29, 1934. The petition was dismissed, and no appeal taken from that order. On April 22, 1936 the defendant filed his petition to revoke or modify the order of June 29, 1934. After rule granted and hearing, the petition was dismissed. From this order the defendant took the present appeal.

The matters presented as ground for reducing or revoking the order of support did not relate to any change in conditions or circumstances of the parties occurring since the entry of the order of support. The ground relied on was that, on August 29, 1927, the parties, husband and wife, had entered into an agreement of separation, under which the husband agreed to pay his wife the sum of twenty-five dollars a week, and that this agreement was a bar to the proceeding for support under the Act of 1867 (*Com. v. Richards,* 131 Pa. 209, 18 A. 1007; *Shimp v. Gray,* 41 Pa. Superior Ct. 542,

545, 546). That was, however, a matter of defense to be presented to the court of quarter sessions, when the matter was heard on June 29, 1934. We have no means of telling whether this defense was actually raised at the original hearing of the proceeding for support, but it might have been, and the order of the court, unappealed from, is not only res judicata as to the defenses presented to the court, but also as to all defenses which might have been raised and presented at that time: *Com. ex rel. Iacovella v. Iacovella,* 121 Pa. Superior Ct. 139, 142, 143, 182 A. 727; *Com. v. Bednarek,* 62 Pa. Superior Ct. 118, 120, 121. And it made no difference where the original act of desertion or neglect to maintain the wife took place: *Com. ex rel. v. Shetzline,* 84 Pa. Superior Ct. 100, 102; *Com. v. Plummer,* 83 Pa. Superior Ct. 26, 28; *Barnes's Appeal,* 2 Penny. 506. See also, *Com. v. Hopkins,* 53 Pa. Superior Ct. 16; *Com. v. Hawkins,* 80 Pa. Superior Ct. 520, 523.

The fact that the parties may have entered into a separation agreement did not deprive the court of quarter sessions of the jurisdiction expressly conferred by the Act of 1867. *Com. v. Richards,* 131 Pa. 209, supra, does not so decide. On the contrary, it was there held that such an agreement, "if the terms are reasonable and it is actually carried into effect by both parties in good faith," is as binding upon the wife as upon the husband, and a bar—that is, an effective *defense*—to a proceeding for support under the Act of 1867. This is apparent from the judgment entered in the Supreme Court: "The judgment is therefore reversed, *and a procedendo awarded"* (italics supplied) ; that is, the case was sent back to the court below for further proceedings in accord with the court's opinion; the Supreme Court having just immediately before said: "If the deed of separation was fraudulently procured, and the terms were unreasonable, or if after its execution it had be-

come null and void by the acts of the parties, these facts should have been shown."

In *Shimp v. Gray,* 41 Pa. Superior Ct. 542, 545, 546, this court said: "In *Com. v. Richards,* 131 Pa. 209; *Scott's Estate,* 147 Pa. 102, it was held that if such a deed was not fraudulently procured, and its terms are not unreasonable, *it is a bar to a proceeding* instituted in the quarter sessions, and whether the conditions exist in a particular case, must always be on all the facts as developed, *for the court below,* and not for the appellate court: *Com. v. Smith,* 13 Pa. Superior Ct. 358; s. c., 200 Pa. 363" (italics supplied).

In *Com. v. Smith,* 13 Pa. Superior Ct. 358, affirmed, 200 Pa. 363, 49 A. 981, the court of quarter sessions made an order on the husband for the support of his wife, notwithstanding they had entered into an agreement of separation, and the appellate courts affirmed. The Supreme Court, speaking through Mr. Justice BROWN, afterwards Chief Justice, said, supra, p. 365: "A deed of separation, not fraudulently procured, the terms of which are not unreasonable and which has not become null and void by the acts of the parties, *is a bar to a proceeding like this; but whether these conditions exist in any particular case, must always be, on all the facts as developed; for the court below,* and not for us" (italics supplied). See also *Com. v. Glennon,* 92 Pa. Superior Ct. 94.

We had occasion, recently, to consider the distinction between matters which go to the court's jurisdiction of the cause of action and matters of defense to, or in bar of, the action, in the case of *Squire v. Fridenberg,* 126 Pa. Superior Ct. 508, 191 A. 631, and we refer to the opinion in that case. The matter here relied on by appellant was not strictly jurisdictional, but by way of defense, in bar of the proceeding, and the defendant was concluded by the order unappealed from.

The appellant complains of the inconsistency of the

positions taken by his wife, in that she sought in a foreign jurisdiction to enforce the separation agreement shortly before bringing the proceedings in the quarter sessions, under the Act of 1867; but his own position is no less inconsistent, for he attempted in a foreign jurisdiction to have the separation agreement annulled on the ground that he had signed it under duress; and he does not assert compliance by him with its terms.

However, we are not, in this appeal, concerned with the merits of the case as originally presented to the lower court. That order unappealed from is res judicata as to the matters of defense which were raised, or might have been raised, at the hearing.

No proof was presented in the court below, at the hearing on the petition to revoke or modify, of any change in the conditions or circumstances of the parties, occurring since June 29, 1934, which requires or calls for a reduction or revocation of the order.

The order appealed from is, accordingly, affirmed.