# Miner's Appeal.

61 283
164 600
61 283
177 585

1. A grantor, describing herself as the widow of Miner, conveyed to "Thomas, his heirs, executors, administrators and assigns, all her estate, right, title, interest, claim and demand whatsoever" in a piece of land, " to have and to hold the premises hereby granted * * unto Thomas, his heirs, &c., for and during the life of the said (grantor), the interest hereby conveyed being an estate of freehold for and during the life of said (grantor), and being all the interest of her the said (grantor) in the estate of the said Miner deceased, as his widow, of, in and to the premises above described." *Held*, a conveyance of whatever interest the grantor had as widow or otherwise.

2. Miner left two children who died intestate, unmarried and without issue before the widow made the conveyance. The conveyance was to be interpreted in the light of these extrinsic facts.

3. On the death of her children, the widow was seised of a life estate in the whole property, both interests constituting but one estate.

4. The conveyance being a deed poll is to be taken most strongly against the grantor if there be any ambiguity.

5. If there be doubt as to the intent, surrounding circumstances and the acts of the parties at and subsequent to the transaction may be considered to ascertain it.

March 9th 1869. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Luzerne county :* In Equity : No. 330, to January Term 1869.

The bill in this case was filed, October 29th 1867, by Julia E. Miner against Jesse Thomas, and Parrish & Drake, who were lessees of Thomas.

The bill set out as follows :—Samuel G. Miner died intestate on the 1st of October 1847, seised in fee of a tract of land in Plains township, Luzerne county. He left to survive him a widow, Julia E., the plaintiff, and two children, Henry T. Miner and Mary E. Miner, and certain collateral heirs. Henry died July 4th 1852, and Mary, October 12th 1854, both intestate and without issue. The interests of all collateral heirs of Samuel G. Miner became vested in Jesse Thomas, the defendant. On the 6th of December 1856 the plaintiff conveyed to Thomas her interest in the real estate as widow of Samuel G. Miner. Thomas has taken exclusive possession of the land and leased it to Parrish & Drake, the other defendants, for all the coal and other minerals on it. The lessees are mining and carrying away coal, for which they have been and are paying Thomas 25 cents per ton. The bill then avers that the plaintiff is entitled to an estate for life in two-thirds of the tract in right of her deceased children. The prayer was for an account against Thomas for the rents, issues and profits of the premises, and payment to her of the proportion due to her ; that the lessees be restrained from making further payments to Thomas until her share be ascertained, and for further relief.

Thomas answered, admitting most of the averments of the bill, denied that the plaintiff conveyed to him *only* her interest as widow, and averred that for the consideration of $8000 she had conveyed to him all her interest of every kind whatsoever in the land; he annexed a copy of the deed of conveyance to his answer.

The deed is as follows:—

"Know all men by these presents, that Julia E. Miner, of the borough of Wilkesbarre, county of Luzerne and state of Pennsylvania, widow and relict of Samuel G. Miner, late of Plains township, county and state aforesaid, deceased, in consideration of the sum of $8000 to her in hand paid by Jesse Thomas, of the township of Plains aforesaid, the receipt whereof is hereby acknowledged, has given, granted, bargained, sold, assigned and conveyed, and by these presents do give, grant, bargain, sell, assign and convey unto the said Jesse Thomas, his heirs, executors, administrators and assigns, all her estate, right, title, interest, claim and demand whatsoever in and to all that certain piece or parcel of land, &c., * * to have and to hold the premises hereby granted with the appertenances unto the said Jesse Thomas, his heirs, executors, administrators and assigns, to his and their use for and during the natural life of the said Julia E. Miner, the interest hereby conveyed, being an estate of freehold for and during the term of the natural life of the said Julia E. Miner, and being all the interest of her the said Julia E. Miner in the estate of the said Samuel G. Miner, deceased, as his widow, of and in and to the premises above described. In testimony whereof the said Julia E. Miner has hereunto set her hand and seal the 6th day of December, A. D. 1856.

"JULIA E. MINER. [L. S.]"

Acknowledged same day, and recorded December 8.

The plaintiff filed a general replication, and the case was referred to Henry M. Hoyt, Esq., as examiner and master. He examined a number of witnesses, and found the facts substantially as set out in the bill and answer, including the deed, and also that immediately on the execution of the deed she delivered possession to the defendant. He then stated the questions to be, Is Mrs. Miner invested with an estate for life in two-thirds of the real estate, the subject of the deed, and will such estate entitle her to account? In a well-considered report, in which the authorities are carefully and learnedly examined and compared, and the principles on which the determination of the questions rests, discussed, he decided:

1. The plaintiff is not, since her deed of 6th December 1856, "lawfully entitled to and invested with an estate for life in two-thirds of the real estate aforesaid;" and

[Miner's Appeal.]

2. If she shall be held to be entitled to the interest claimed by her, she still could not call the defendant, as reversioner in possession, to account for the products of coal-mines, inasmuch as she could not, as tenant for life, work an unopened coal-mine.

The plaintiff excepted to the decisions of the master; and also as to his finding any facts to affect the deed by the parol testimony.

After argument, the court (Dana, J.) dismissed the bill at the plaintiff's costs.

She appealed to the Supreme Court, and assigned for error—

1. Admitting evidence *dehors* the conveyance to vary and contradict its terms.

3. In construing the deeds to convey the whole interest of the plaintiff.

6. In entering the decree in favor of the defendant.

*S. T. Woodward* and *J. D. Hancock*, for appellant.—The clause designating the plaintiff's interest as widow is simply a particular application of the former part: Act of April 8th 1833, § 1, Pamph. L. 316, Purd. 562, pl. 2; Bachman v. Chrisman, 11 Harris 162. Evidence to enlarge the effect of the terms of the instrument is inadmissible: 1 Greenl. Ev. §§ 385, 389; Huss v. Stephens, 1 P. F. Smith 282; Stub v. Stub, 3 Barr 251; Means v. Presbyterian Church, 3 W. & S. 303; Caldwell v. Fulton, 7 Casey 475; Brown v. Nickle, 6 Barr 390; Lyon v. Miller, 12 Harris 392; Drackenmuller v. Young, 3 Casey 97; Fox v. Stratton, 4 Barr 119; Roland v. Miller, 3 W. & S. 393. General terms are restrained by particular clauses following or preceding them: Moore v. Shippen, 9 Shep. (Maine) 350; Clamorgan v. Lane, 9 Miss. 446; Alton v. Illinois Transportation Co., 12 Ills. 38; Chaplin v. Srodes, 7 Watts 410; Symmes v. Brown, 13 Ind. 318; Moss v. Sheldon, 3 W. & S. 160; Wager v. Wager, 1 S. & R. 375; Tyler v. Moore, 6 Wright 386; Shep. Touch. 88; Jackson v. Stevens, 16 Johns. 110; Wilkes v. Ferris, 5 Id. 335; Shurtz v. Thomas, 8 Barr 362; Shep. Touch. 247. The *habendum* in a deed is to be construed on the same principles as clauses in other instruments: 2 Parsons on Contracts, 25 Broom's Max. 517. A latent ambiguity or false description could be explained, but neither exist here. The widow's interest is a freehold, Gaul v. Lauer, 4 Wright 177, and cannot be merged in a similar interest: 2 Bouvier's Law Dic. 156.

*W. McVeagh* and *A. T. McClintock*, (with whom was *V. L. Maxwell*), for appellee.—The plaintiff cannot claim any part of the coal from the mines opened by the defendant: Whitfield v. Bewit, 2 P. Wms. 240; Bewit v. Whitfield, 3 Id. 267; Saunder's Case, 5 Co. 12: Rogers on Mines, 160; Stoughton v. Leigh, 1 Taunt. 411; Ray v. Pung, 5 B. & Ald. 561; Rex v. Northweald,

2 B. & C. 274; Moody *v.* King, 2 Bing. 447; Irwin *v.* Covode, 12 Harris 162; Lynn's Appeal, 7 Casey 44; Livingston *v.* Reynolds, 2 Hill 157; 2 Blacks. Com. 122; Bainbridge on Mines and Minerals, 64.

The court may look at the circumstances under which a deed was made, Cox *v.* Freedley 9 Casey 124: 3 Wash. on Real Property 333, 349; Thomas *v.* Harris, 7 Wright 242; Caldwell *v.* Fulton, 7 Casey 489; Gould *v.* Lee, 5 P. F. Smith 99; Hetherington *v.* Clark, 6 Casey 397. In case of repugnancy between the premises and habendum as to the subject of the grant, the premises will prevail: 2 Black's Com. 298; Sumner *v.* Williams, 8 Mass. 174; Manning *v.* Smith, 6 Conn. 289; 4 Bacon's Abr. 214; 3 Kent's Com. 468; 2 Wash. on Real Property 641; if the habendum is irreconcilable with the premises, it is to be rejected: Wash. 645; Timmis *v.* Steele, 4 Ad. & E. N. S. 662; 3 Washb. Real Property 344–5, 372–4; Goshawke *v.* Chickwell, 3 Wallace, Jr. 205; Thomas *v.* Howel, 4 Mod. 69; Osborn *v.* Steward, 3 Id. 230; Cochin *v.* Heatchote, Loffet 190; 4 Cruise's Digest, chapter 21 (4th edition) 292; Baily *v.* Lloyd, 5 Russell 330; Wager *v.* Wager, Moss *v.* Sheldon, *supra*. The office of the habendum is to determine the amount of estate or interest granted by the deed: Lancaster Bank *v.* Myley, 1 Harris 551; Tyler *v.* Moore, 6 Wright 386. If the recital is inaccurate it would not affect the conveyance: Champlin *v.* Srodes, 7 Watts 410; Mehaffy *v.* Dobbs, 9 Id. 379; Naglee *v.* Ingersoll, 7 Barr 199; Washb. Real Property 345; Beeson *v.* Patterson, 12 Casey 24. The plaintiff was seised of a life estate in the premises; she conveyed all the interest she had: Washb. on Real Property 94 105; Jenkins *v.* Von Shaacks, 3 Paige 242; Krider *v.* Lafferty, 1 Whart. 315.

The opinion of the Court was delivered, May 11th 1869, by

WILLIAMS, J.—This case received a very attentive and patient hearing in the court below. The able and satisfactory report of the master, and the elaborate and exhaustive opinion of the learned judge, sustained and fortified as their positions are by the numerous authorities to which they have referred, render it unnecessary for us to travel over the same ground, or to cite any cases in support of the conclusion to which we have come. The only question in the case arises upon the construction of the plaintiff's deed to the defendant for the land of which she seeks an account of the rents and profits. If the deed conveyed all her interest in the land she has no foundation for her bill, but if it conveyed only her interest as widow in the estate of her deceased husband, then she may be entitled in part to the relief which she seeks. What then was the interest intended to be conveyed by her deed?

Was it her whole interest or estate in the land, or only her in-

terest as widow under the Intestate Act? And how is this question to be determined? By reference to the deed alone, or by the light shed upon it by surrounding circumstances? The appellant's counsel contend that it must be determined by the language of the deed itself, without the aid of extrinsic evidence, and they insist that there is no ambiguity in the language, or repugnance between the several parts or clauses of the deed, and that a disinterested reader, unacquainted with the circumstances of the parties, and their relations to the subject of the grant, would come to the conclusion, from the face of the deed itself, that it was intended to convey only the grantor's interest as the widow of 'her deceased husband. It is undoubtedly true, that any one reading the deed under the circumstances supposed, would come to the conclusion that it was the intention of the grantor to convey her interest as widow in the estate of her deceased husband, for such intent is expressly declared; but it is not so clear that he would come to the conclusion that this was the only interest intended to be conveyed. Would he not be in doubt, whether the clause immediately preceding the one describing her interest as widow, was not intended to define and describe another interest, separate and distinct from her interest as widow? And would he not come to the conclusion that the deed was intended to convey all her interest whatsoever in the land, with as little doubt as he would, that it was intended to convey her interest as widow? He might be in doubt, whether the grantor had any other interest than her interest as widow; but if she had, would he have any doubt that it was intended to be conveyed? If any conclusion is clearly and certainly deducible from the deed itself, it would seem to be that it was the intention of the grantor to convey all her estate and interest in the land of whatsoever nature; and that it was an estate of freehold for and during the term of her natural life, that was intended to be conveyed. The only doubt that can possibly arise, is in regard to the quantum of her life estate, whether it comprehended the whole land, or embraced only an undivided part or portion thereof. When, therefore, the plaintiff alleges that she had a life interest in the land not intended to be conveyed, she is setting up a claim apparently in opposition to her own deed. The deed, primâ facie, conveys all her interest. And when she avers, as the foundation of her title to the relief which she seeks, that upon the death of her husband she became entitled for life to one-third of the land as his widow, and that upon the death of her two children she became entitled to a life estate in the residue, and that the deed was intended to convey only her estate as widow, and not the life estate which she inherited from her children, we are compelled to read the deed with reference to these extrinsic facts, and cannot rightly shut our eyes to the light which they afford. The grantee does not need the aid of these facts in order to show that the grantor has no

interest in the land. The deed itself is primâ facie evidence that she no longer has any estate or interest therein: but she needs the aid of these extrinsic facts, for they constitute the very foundation of her claim, and she cannot advance a single step in opposition to her deed without disclosing them and invoking their aid. We must, therefore, interpret the deed in the light shed upon it by these extrinsic facts which she is compelled to disclose. Let us then read it with the help which they afford, and see whether it was intended to convey the whole, or only a part of her interest in the land. At the date of the deed, the grantor had a life estate in the whole land, as widow and heir of her children; and it is, perhaps, not very material to the inquiry, whether, or not, her interest as widow had merged in her freehold estate for life, as surviving parent. In contemplation of law and in point of fact she was seised of a life estate in the whole property, "nothing less, nothing more, nothing else." Perhaps her interest as widow might be regarded for some purpose, as separate and distinct from her life estate as surviving parent, if necessary to the ends of justice; but both these interests constituted but one life estate or freehold in the land. Was this life estate then conveyed? The subject of the grant as described in the premises is: "All her estate, right, title, interest, claim and demand whatsoever, in and to all that certain piece or parcel of land, &c." These words are broad and comprehensive enough to embrace and include every possible right, interest or claim which she may have had in the land, whenever or however derived. And there is nothing in the habendum proper, inconsistent with or repugnant to the description of the subject of the grant, as contained in the premises. The habendum is in these words: "To have and to hold the premises hereby granted, with the appertenances unto the said Jesse Thomas, his heirs, executors, administrators and assigns, to his and their use for and during the natural life of the said Julia E. Miner." If the deed had stopped here, could there be any possible doubt as to its meaning or construction? Would it not convey her whole interest in the land as clearly as it could possibly be conveyed by human language? Nor is any doubt thrown upon the subject of the grant by the clause which immediately follows: "The interest hereby conveyed, being an estate of freehold for and during the natural life of the said Julia E. Miner." The doubt, if any, as to the extent of the interest conveyed arises out of the succeeding clause: "And being all the interest of her the said Julia E. Miner, in the estate of the said Samuel C. Miner, deceased, as his widow, of, and in, and to the premises above described." Was this last clause, as the appellant's counsel contend, intended to limit and define the interest mentioned in the preceding clause and to be synonymous with it? In other words, were the two clauses intended to describe the same identical interest? Or do they refer to distinct and separate in-

[Miner's Appeal.]

terests, and were they both intended to embrace her whole interest in the land—the first, the interest which she took as surviving parent; and the second, her interest as widow? If the first clause refers to her interest as widow, it is not only tautological, but it does not afford the least aid in defining or individuating that interest. If both clauses were intended to refer to the same interest, then the particle "and," by which they are connected, instead of expressing the relation of addition as ordinarily used, signifies, to wit, that is, or namely. To give it this meaning, and to construe the two clauses as synonymous, would render them inconsistent with the description of the subject of the grant as contained in the premises; but giving to the particle connecting the two clauses its usual meaning, and construing the two clauses as descriptive of the two estates or interests which the plaintiff took in the land as surviving parent and widow, or of the titles by which they were derived, they are not only consistent, but in perfect harmony with the description of the subject of the grant as set forth in the premises. We agree with the counsel that these clauses cannot properly be considered a part of the habendum, and we think it is immaterial, whether they are to be considered as a part of the description of the subject of the grant, and to be read as if inserted in the premises, or as a recital of the title, by which the estate or interest intended to be conveyed, was derived. Regarded either way, they are not repugnant to the description in the premises, nor do they limit or restrict the subject of the grant to the plaintiff's interest as widow. Can there then be any doubt as to the real meaning and proper construction of the deed? It is signed and sealed by the grantor alone. If there be any ambiguity in the language, or doubt as to its meaning, it is to be construed most strongly against her. But can there be any doubt as to her intent? If there be, we have the right to call to our aid the surrounding circumstances, and the acts of the parties at the time and subsequent to the transaction, in order to ascertain their intention. If the grantor intended to convey only her interest as widow, why does she give, grant, bargain, sell, assign and convey unto the grantee, his heirs, &c., all her estate, right, title, interest, claim and demand whatsoever, in and to all the land described in the deed? If it was the intention to convey only her interest as widow, why was not that interest expressly and specifically described in the premises? And why was a part of her interest described as all her estate whatsoever in the land? Why should the grantee, who had acquired the whole estate in remainder, purchase merely the grantor's interest as widow? Why leave in her an interest which would entitle her to the possession of the undivided two-thirds, if not the whole land? And if the grantor only intended to convey her interest as widow, why did she deliver to the grantee the possession of all the land described in the deed? There

11 P. F. SMITH—19

[Miner's Appeal.]

can be but one answer to these questions, and that is, that she sold and intended to convey all her interest or estate in the land as widow and surviving parent. The court below was, therefore, clearly right in dismissing the plaintiff's bill.

Decree affirmed at the cost of the appellant.