## Samuel Emlen Meigs *v.* Harry A. Lewis, Appellant.

*Contract—Construction of contract—Ambiguity—Deed.*

Where the meaning of an agreement is doubtful, its terms are to be considered in the light thrown on them by proved or admitted illustrative facts. The situation in which the parties stand, the necessities for which they would naturally provide, the conveniences they would probably seek to secure, and the circumstances and relations of the property in regard to which they have negotiated, are all elements in the interpretation of an ambiguous contract.

A grantor in a deed reserved the right to build "over and above" a narrow strip or alley "in like manner as the same is now done." At the time the deed was executed the narrow strip or alley was built over its entire length and constituted a covered private way from a front street to a back street. The building over the narrow strip from the back street for a distance of eight feet was a mere platform, the top of which was twelve feet and six inches above the ground and the building over the balance of the street was a dwelling nineteen feet and eight inches higher than the platform or thirty-two feet above the ground. *Held,* that the reservation in the deed, construed by the surrounding circumstances, related merely to the point and manner of the location of the structures over the alley, and not to the height of such structures.

Argued March 30, 1894. Appeal, No. 293, Jan. T., 1894, by defendant, from decree of C. P. No. 2, Phila. Co., Sept. T., 1892, No. 186, on bill in equity. Before GREEN, WILLIAMS, MC-COLLUM, MITCHELL and FELL, JJ. Reversed.

Bill in equity for injunction.

The case was referred to J. Edward Carpenter, Esq., as examiner and master, who reported the facts substantially as follows:

W. N. French owned certain real estate, including the lots of plaintiff and defendant, bounded by Locust, Seventeenth and Latimer streets, in the city of Philadelphia. On April 29, 1863, he conveyed to W. T. Hildeburn a portion thereof, described as follows: "All that brick messuage and lot or piece of ground situate on the south side of Locust street, at the distance of 18 feet westward from the west side of Seventeenth street, containing in front on Locust street, 16 feet, and extending of that width southward 73 feet 7½ inches, then narrowing by an offset on the east side to the width of 2 feet 3 inches,

and continuing of that reduced width southward a further depth of 16 feet 4½ inches to Latimer street." The deed contained the following clause in the habendum: " Under and subject nevertheless . . . . as respects the 2 feet 3 inches wide strip above mentioned to the right and privilege of the owners and occupiers of the premises adjoining on the east to build over and above the same in like manner as is now done." The title to the above premises subsequently became vested in S. Emlen Meigs, the plaintiff.

By deed dated May 22, 1863, French conveyed to C. H. Roser another portion of the original large lot, such portion being the premises on the east, fronting on Seventeenth street and extending along the north side of Latimer street to the eastern line of the above-mentioned 2 feet 3 inches wide strip, by which it was bounded for 16 feet 4½ inches, and was then bounded further on said westward side, as recited in the deed, " by ground now or late of William H. French." This lot, which is now owned by defendant, was granted, " Together also with the right and privilege to him, the said Charles H. Roser, his heirs and assigns, owners and occupiers of the said premises, at all times hereafter, of building over and above the said alley in like manner as is now done."

At the time of these original conveyances by French, and at the times at which plaintiff and defendant respectively took title, there was built over the northern portion of the alley a frame structure with a brick wall, beginning at a distance of eleven feet from the ground and extending to a height of thirty-two feet two inches from the ground, which structure was part of the house then existing on the Lewis lot, and occupied a space of eight feet four and one half inches over and along the alley from the north end running south, and from this point an ordinary floor or platform was built over the remaining and southerly portion of the alley extending from the southernmost end of the said frame structure to Latimer street, at the same height as the floor of the second story of the house, so that the entire alley was built over, the southern end being covered by this floor or platform, while on the northern end, between the platform and plaintiff's house on the north, there was a wall thirty-two feet two inches high. Plaintiff's house, except for the strip running through to Lat-

imer street, is entirely hemmed in by high walls surrounding a small yard.

The defendant tore down this old building, and had plans prepared for a new building, in which he undertook to and did build over and above the alley, leaving as originally the same headway of eleven feet in the clear, building however, a continuous wall covering the space where the platform had been and making the wall some four feet or more higher than the original thirty-two feet two inches. Plaintiff claimed the right to restrict the defendant in this building privilege, and contended that only over and above the northern end of the alley, and for a distance of but eight feet four and one half inches, he can build a wall and then only to the height of thirty-two feet two inches, and that on the southern end of the alley he can have only a platform covering, which shall be at the distance of eleven feet above the soil.

The master reported a decree in plaintiff's favor and the court below entered a final decree.

*Errors assigned,* were (2–4) entry of decree; and (1, 5–18) dismissal of exceptions; quoting them respectively.

*Richard P. White, Joseph P. McCullen* with him, for appellant. —While it might well be argued that the plaintiff is not entitled to an injunction because his right is uncertain (Kerr on Injunctions, 49; Harkinson's Ap., 78 Pa. 196), and his injury, if any, de minimis (Livingston v. Wolf, 136 Pa. 519; Orne v. Fridenberg, 143 Pa. 487), it is urged that the meaning of the words used, taking them in their ordinary acceptation and according to the intention of the parties as denoted by the circumstances existing at the time of the execution of the deeds, makes it clear that complainant's bill should have been dismissed: Elphinstone, Deeds, *94; Shep. Touch., p. *88; Richardson v. Clements, 89 Pa. 503; Taylor v. Corporation of St. Helena, L. R. 6 Ch. D. 264; Smith v. Parkhurst, 3 Atk. 136; Parkhurst v. Smith, Willes, 327: Huss v. Stephens, 51 Pa. 282; Criswell v. Grumbling, 107 Pa. 414; Cox v. Freedly, 33 Pa. 124; Miner's Ap., 61 Pa. 283; Morrison v. Marquardt, 24 Iowa, 64; Washburn's Easements, 3d ed. 49.

*Henry Budd*, *William M. Meigs* with him, for appellee.—
Words are to be taken most strongly against him who uses
them: White v. Smith, 33 Pa. 186; Beeson v. Patterson, 36
Pa. 24. If the words are so doubtful that we cannot find their
meaning, the reservation is void for uncertainty.

In Huss v. Stephens, 51 Pa. 282; and Criswell v. Grumbling,
107 Pa. 414, the interpretation of the grantor's words was
found in expressions used in the same paper as that which
contained the words whose meaning it was sought to explain;
in Cox v. Freedley, 33 Pa. 124, there was a practical applica-
tion of the maxim that intent as derived from circumstances
must govern, the court holding that under a grant of land bound-
ed by the side of a street the grantee took to the center of it, if
the grantor's title extended so far; and in Miner's Ap., 61 Pa.
283, the maxim was expressly recognized.

Defendant, in continuing to build after the bill was filed,
did so at his own risk: Clark v. Martin, 49 Pa. 289; R. R. v.
Land Co., 54 Pa. 28; Walters v. McElroy, 151 Pa. 549; Mc-
Call v. Barrie, 14 W. N. 419.

If a trespass is fugitive and temporary, then adequate com-
pensation can be obtained by an action at law, and there is no
ground to justify the interposition of a court of equity. But
where the threatened trespass contemplates a permanent oc-
cupation and use of plaintiff's property, the rule is different
and the jurisdiction is sustained: Masson's Ap., 70 Pa. 26;
Walters v. McElroy, 151 Pa. 549; Proctor v. Campbell, 6 Pa.
C. C. R. 531; Bank v. Avery, 7 Pa. C. C. R. 255; Com. v. R.
R., 24 Pa. 159; Vollmer's Ap., 61 Pa. 118; Milne's Ap., 81
Pa. 54.

OPINION BY MR. JUSTICE McCOLLUM, Nov. 12, 1894:

This case turns on the construction of the reservation in the
deed from French to Hildeburn. The appellee has succeeded
to the rights of the grantee in that deed and the appellant to
the rights of the grantor. In construing a deed it is proper
and sometimes necessary to consider the circumstances under
which it was made for the purpose of ascertaining the intention
of the parties: Cox v. Freedly, 33 Pa. 124, and Miner's Ap-
peal, 61 Pa. 283. In delivering the opinion of this court in
Lacy v. Green, 84 Pa. 514, WOODWARD, J., said: "Where the

meaning of an agreement is doubtful, its terms are to be considered in the light thrown on them by proved or admitted illustrative facts. The situation in which the parties stand, the necessities for which they would naturally provide, the conveniences they would probably seek to secure, and the circumstances and relations of the property in regard to which they have negotiated, are all elements in the interpretation of an ambiguous contract." That was a case which involved the construction of a reservation in a deed and the real question in it was whether the reservation was broad enough to allow the grantor to pile his lumber, for the purpose of rafting it, on a portion of the land he conveyed to the grantee. The court below, being of opinion that the case was one in which the reservation should be construed most strongly against the grantor, held that it was not, but this court reversed the judgment on the ground that the language of the reservation, construed in the light of the surrounding circumstances, showed it was the manifest intention of the parties that the grantor should have the privilege of piling his lumber on the grantee's land for the purpose stated. It is evident that in Lacy v. Green, supra, the court below misapplied the rule on which it based its decision because the language of the reservation, construed with regard to the facts and circumstances under which it was made, showed a clear intention of the parties in accord with the grantor's claim, and the rule that the provisions of a deed are to be construed most strongly against the grantor is never available to defeat an intention so manifested.

In the case before us the grantor reserved the right " to build over and above " the narrow strip or alley " in like manner as the same is now done." It will be noticed that the reservation contemplated a building by the grantor " over and above " the alley and not a mere continuance by him of the structures then erected over it. But it is contended by the appellee that the words " in like manner as the same is now done," restrict the grantor and his assigns to the erection of buildings over it of the same height as those existing at the time of the reservation, whilst it is claimed by the appellant that the proper office of these words is to secure to the grantee an alley of the same width and height as the one then in use.

The " proved or admitted illustrative facts " in the case are

that when French conveyed to Hildeburn the narrow strip was..
built over its entire length and constituted a covered private
way from the Locust street property to Latimer street. The
building over the way from Latimer street a distance of eight
feet was a mere platform, the top of which was twelve feet and
six inches above the ground, and the building over the balance
of it was a dwelling nineteen feet and eight inches higher than
the platform, or thirty-two feet above the ground. According
to the appellee's construction of the reservation the appellant
cannot build above the platform to the height of the building,
at the northern end of it, nor raise the latter above its present
height, although it must be conceded that he may raise that
portion of his building which abuts on the Locust street prop-
erty for thirteen feet nine inches to any height he pleases. The
absurd results of such a construction naturally suggest that it
is unsound and not in harmony with the intention of the par-
ties. It is a construction which materially detracts from the
convenience and value of the appellant's property and adds noth-
ing to the convenience or value of the appellee's. What possible
use or benefit can the latter derive from a construction of the
reservation which keeps open for all time the narrow space
above the platform from Latimer street to the appellant's dwell-
ing which extends to the northern end of the alley? But the
learned master thought it was of no consequence in this issue
whether the building which the appellant proposed to erect
would benefit or injure the property of the appellee. This is.
true if his construction of the reservation is sound. The right
of the appellant is such as the reservation gives him and it can-
not be enlarged or abridged by showing that his action under
color of it would or would not result in injury to the appellee's.
property. It must be remembered however that the reserva-
tion must be interpreted in the light of the apparent object or
purpose of the parties, and of the conditions existing when it
was made. If the master's view that the reservation relates to
the height as well as to the point and manner of the location
of the building above the alley prevails, the appellant must
build, if at all, to the height of the old structures. He cannot
build above or below that height without disregarding the terms
of the reservation as construed in the court below. We can-
not find in the reservation in question any warrant for a con-

struction which would accomplish the results to which we have referred. Moreover we think that the language of the reservation does not authorize such a construction when it is considered in the light of the facts and circumstances existing at the time of the sale and conveyance to Hildeburn. The manifest purpose of the parties, in connection with the grant and the building right reserved, was to secure to the grantee the use and benefit of the way as it then existed, and the words "in like manner as the same is now done" refer to the point and manner of the location of the structures above it. In accordance with these views we sustain the second, third and fourth specifications of error. We do not consider it necessary, in the view we have taken of the case, to notice in detail the other specifications.

Decree reversed and bill dismissed at the cost of the appellee.