## Joseph H. Strause *v.* Elise Braunreuter, Appellant.

*Evidence—Act of* 1887—*Incompetent witness—Interest or policy of the law.*

No interest or policy of the law makes any person an incompetent witness in any civil case or proceeding unless he is shown to come within one of the specified exceptions of the Act of May 23, 1887, P. L. 158.

*Evidence—Exception under clause* (*e*) *of act of* 1887.

Where the estate of a decedent may be interested in the question being tried but not in the immediate result of the suit there is lacking one of the essentials necessary to bring the case within the exception designated by clause (*e*) of the act of 1887.

*Evidence—Competency of widow as to transactions of husband.*

The wife, after the death of the husband, is competent to prove facts coming to her knowledge from other sources, and not by means of her situation as a wife, notwithstanding they related to the transactions of her husband. She is a competent witness on a suit against her alone on a note signed by herself and her husband, to show that she was a mere surety on the note.

Argued March 11, 1897. Appeal, No. 22, March T., 1897, by defendant, from judgment of C. P. Adams Co., Aug. T.,

1895, No. 87, on verdict for plaintiff.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Assumpsit on a promissory note.    Before SWOPE, P. J.

Elias Adler, the representative of the plaintiff, was applied to in 1894 by Adam Braunreuter for a loan.    The loan was made, said Adler delivering the money and obtaining note therefor.    The following is a copy of note which was given said Alder for the plaintiff :

GETTYSBURG, PA., Sept. 17, 1894.

On demand after date we promise to pay to the order of Mr. Jos. H. Strause, Manager, Seven hundred and fifty dollars, value received.

A. BRAUNREUTER.
E. BRAUNREUTER.

Adam Braunreuter and Elise Braunreuter were at that time husband and wife.    Action of assumpsit was brought upon this note by the plaintiff on May 24, 1895, against Adam Braunreuter and Elise Braunreuter.    Elise Braunreuter filed an affidavit of defense and pleas of nonassumpsit and coverture to said action.    Adam Braunreuter died August 2, 1895, and his estate was not made in any way whatever, a party defendant to the action.    The plaintiff proceeded to trial on the issue between himself and Elise Braunreuter, and the jury were sworn to try the issue between Joseph Strause, manager, plaintiff and Elise Braunreuter, defendant, both being living parties to the issue.

Upon the trial the defendant offered to go on witness stand to prove facts occurring at the giving of the note in the presence of Elias Adler, the representative of the plaintiff, to establish the fact that the note concerned the business of her husband and no business of hers ; that there was no consideration moving to her.    That she signed the note as bail for her husband, and she so signed the note at the request or command of her husband in the presence of said Adler, the representative of the plaintiff.    The court refused to allow the defendant to so testify as incompetent under section 5, clause E, of act of 1887.    To this ruling exception was taken by the defendant. [1]

The defendant then called to witness stand, as upon cross-examination, Elias Adler.    This witness is alleged to have made

many conflicting and contradictory statements.  After this witness retired defendant offered to testify to what occurred between her and Adler, confining her testimony to matters testified to by Adler.  The court refused to allow defendant to testify.  To this ruling exception was taken by the defendant. [2]

Defendant asked that the facts be passed upon by the jury, upon the testimony of Adler, whether defendant was security or not upon the note in suit, by reason of the conflicting and contradictory statements of the witness.  This was refused by the court and the jury instructed by the court to find for the plaintiff. [3]

Verdict and judgment for plaintiff for $773.85.  Defendant appealed.

*Errors assigned* were (1) in refusing to allow defendant to testify; (2) after Elias Adler had testified in not permitting defendant to testify in rebuttal to all facts testified to by Adler as occurring between defendant and said Elias Adler; (3) in taking the facts from the jury and directing a verdict for the plaintiff.

*Wm. McClean,* with him *Wm. A. McClean,* for appellant.— To exclude a witness on the ground of interest it is necessary he should have a vested interest, not in the question, but in the events of the suit: Dickson v. McGraw, 151 Pa. 98.

Braunreuter was not a party to the above action, had no interest that the judgment in the cause would operate upon: Spott's Est., 156 Pa. 281; Carpenter v. Ins. Co., 161 Pa. 9; Bank v. Henning, 171 Pa. 399; Trymby, Hunt & Co. v. Andress, 175 Pa. 6.

The defendant was a fully competent witness to testify as to what took place between herself and Adler, the representative of the plaintiff: Jackson v. Paine, 114 Pa. 67; Brubaker v. Taylor, 76 Pa. 83.

Adler having testified without objection when called for cross-examination and re-examined by plaintiff, became as originally called on his own behalf, and defendant, if an incompetent witness, was made competent by Act of June 11, 1891, P. L. 287, to contradict declarations testified to by Adler in alleged conversation with her: Kauss v. Rohner, 172 Pa. 488; Thomas v. Miller, 165 Pa. 216.

There was manifest error in not submitting the determination of the question of fact to the jury: Bank v. Donaldson, 6 Pa. 179; Sidwell v. Evans, 1 P. & W. 386.

*Wm. McSherry, Jr.,* for appellee.—The defendant's interest was adverse to her husband and she is incompetent under act of 1887. She was incompetent under the law prior to 1887: Yeager v. Weaver, 64 Pa. 425.

This transaction being similar to a partnership, the surviving partner cannot testify: Standbridge v. Catanach, 83 Pa. 368.

The defendant could not testify against her husband if he were alive: Johnson v. Watson, 157 Pa. 454, much less can she testify now: Irwin's Appeal, 160 Pa. 82, especially since her testimony was to relieve herself from a portion of the claim in controversy and burden her husband's estate: Kyte v. Foran, 167 Pa. 252.

It matters nothing whether the estate is solvent or not: Alcorn v. Cook, 101 Pa. 209.

She is adverse to her husband's estate: Bitner v. Boone, 128 Pa. 567.

The calling of Adler by defendant below did not make defendant a competent witness: Roth's Est., 150 Pa. 261.

The calling of the living witness must be by the party representing the rights of the deceased. Calling such witness by defendant did not make her competent: Cake v. Cake, 162 Pa. 584; Krumrine v. Grenoble, 165 Pa. 98; Thomas v. Miller, 165 Pa. 216.

Defendant having called Adler, cannot treat him as hostile and cross-examine him and then object to his evidence and try to contradict him by this defendant: Fisher v. Hart, 149 Pa. 235, but having called him as for cross-examination, he became competent for all purposes: Boyd v. Conshohocken Mills, 149 Pa. 363.

OPINION BY RICE P. J., April 12, 1897:

No interest or policy of law now makes any person an incompetent witness in any civil case or proceeding unless he is shown to come within one of the specified exceptions, and the only exceptions we are here called upon to consider are those contained in clauses (*c*) and (*e*) of section 5 of the Act of May 23, 1887,

P. L. 158. By clause (*e*) the disqualification is made to depend not only on the fact of the witness being a surviving or remaining party, to the thing or contract in action but also on the fact of his having an interest adverse to the right of the deceased party which right has passed by his own act or the act of the law to a party on the record who represents his interest in the subject in controversy. The deceased party to the contract in action was Adam Braunreuter but his right had not passed to a party on the record who represented his interest. The issue was between Joseph H. Strause and Elise Braunreuter. The legal representative of Adam Braunreuter was not a party to the record, and the testimony which the defendant proposed to give related to matters occurring between her and the agent of the living plaintiff, and concerning which he had testified fully at the instance of the plaintiff. The estate of Adam Braunreuter may have been interested in the question being tried, but not in the immediate result of the suit. There is wanting, therefore, one of the essentials necessary to bring the case within the exception. The language of the clause is plain and unambiguous, and there is no justification for construction whereby it shall be extended to cases not expressly excepted from the general rule of competency. But even if there were room for construction we think the decision in Bank v. Henning, 171 Pa. 399 would be conclusive of the question for determination.

Nor was she an incompetent witness under clause (*c*). What she proposed to testify to was in no sense a confidential communication, and the common law rule which prevents the husband or wife from divulging in testimony such communications after the death of the other does not apply. The wife after the death of the husband is competent to prove facts coming to her knowledge from other sources, and not by means of her situation as a wife, notwithstanding they related to the transactions of her husband : 1 Gr. Ev. sec. 338, (15th ed.) ; Cornell v. Vanartsdalen, 4 Pa. 364 ; Peiffer v. Lytle, 58 Pa. 386 ; Robb's Appeal, 98 Pa. 501. The defendant was a competent witness, and her testimony going to show that she was a mere surety on the note should have been received. The first assignment of error being sustained it is unnecessary to discuss the others.

The judgment is reversed, and a venire facias de novo awarded.