BEN R. CRILEY, Administrator of the Estate of JACOB HARTER, Deceased, SUMNER SIBERELL, Executor of the Estate of D. W. HARTER, Deceased, MARIA A. DOROTHY, Intervenor, ALFRED F. HARTER, Defendant, Appellants, v. ANNA CASSEL.

Wills: LIFE ESTATES. A will giving to a devisee property for his use and maintenance during his life, and if used any other way or for any other person the clause shall be void, creates only a life estate, even though there is a failure to devise the remainder after his death.

Wills: CONSTRUCTION: ADJUDICATION. Where a devisee procured a construction of the will on his own *ex parte* application there was no adjudication because there were no adverse parties.

Wills: CONSTRUCTION: ESTOPPEL. A party can not deny that which he has solemnly asserted to be true when such denial will prejudice one who has relied upon his former statement, even though he was in error, if his statement was intended to and did influence the other to act: Thus, where the court construed a will, on a devisee's own *ex parte* application, as giving to the devisee only a life estate with the remainder to a third person, and he subsequently made application for authority to sell the property alleging that the same was devised to him for his life use, and also filed a claim against the estate, and prior to the application to sell had expressed satisfaction with the construction of the will, and relying thereon the third person filed objections to the application to sell and to the claim filed, offered to provide a home for the devisee for life and incurred expense in resisting the application and claim, such devisee was estopped from afterward claiming to be the absolute owner of the property under the will.

*Appeal from Wapello District Court.—*HON. C. W.
VERMILLION, *Judge.*

TUESDAY, NOVEMBER 23, 1909.

ACTION to quiet title. There was a judgment for the
defendant, from which the plaintiffs appeal. *Affirmed.*

*Sumner Siberell, Lowenberg & Coen,* and *Work &
Work,* for appellants.

*Steck, Dougherty & Steck,* for appellee.

SHERWIN, J.—D. W. Harter was the owner of lots
twenty-three and twenty-four, in block three, and the north
eighty-eight feet of lot ninety, in block fourteen, in Mc-
Cullough's addition to the city of Ottumwa,
1. WILLS: life    and was in possession thereof when he died
estates.          in December, 1904. In 1897 he executed a
will, which is in the following language, so far as the same
is material here:

3d. Third, I desire and bequeath to my father, Jacob
Harter, all my property, personal, real estate, money or
notes that I may have at time of my death, for him to
use for his special benefit and his maintenance only, and
for no other use, if used in any other way or for any other
person this third clause is null and void.

4th. Fourth, should my father be dead at the time of
my death, then my property, personal, real estate, money
or notes what I die possessed of shall go as hereafter stated.

5th. Fifth, I desire and bequeath that after my funer-
al is paid, as heretofore stated, then my property, personal,
real estate, money or notes, or whatever I may die pos-
sessed of, shall go to Anna Cassel, my sister, now of Nor-
ton, Norton County, Kansas.

This will was duly probated, and Jacob Harter, his

father and legatee, was appointed his administrator with the will annexed. Thereafter Jacob Harter filed an *ex parte* application for a construction of the will, and in January, 1906, it was construed by the district court as giving him a life estate only, with remainder to Anna Cassel. He was satisfied with this construction, and later he filed an application to sell the real estate for his support, to which the defendant, Anna Cassel, appeared and filed objections. Still later, Jacob Harter filed a substituted petition asking that the title to all of the land be quieted in him against all his heirs, including Anna Cassel, and made all such heirs parties. The district court held that the will gave Jacob Harter a life estate only, and that the remainder went to Anna Cassel under the will.

We think the court was right in decreeing that Jacob Harter took but a life estate under the will. The third clause thereof clearly limits the devise to Jacob Harter for his use and maintenance during his life, and the failure to devise the remainder after his death can not overcome the certain and positive devise contained in the third clause. *Koonz v. Hempy,* 142 Iowa, 337; *Shaw v. Shaw,* 115 Iowa, 193; *In re Proctor's Estate,* 95 Iowa, 172.

Whether the fourth and fifth clauses of the will devised the remainder to Anna Cassel we need not determine, for we think the judgment right on another ground. The defendant, Anna Cassel, pleaded an adjudication based upon the construction given the will on plaintiff's application for a construction thereof, and an estoppel based upon the acts, conduct, and declarations of the plaintiff after the will had been so construed. There was clearly no adjudication because there were no adverse parties. 24 American & English Encyclopedia of Law, 731.

2. WILLS: construction: adjudication.

The estoppel pleaded was based on the following facts: After the order had been entered in the *ex parte* application for a construction of the will, the plaintiff made an

application to the district court for authority to sell the property, in which application he alleged that the same was willed to him for his use and benefit during his life only, that he had no other property, and that it was necessary to sell the property of the estate to furnish means for his support. About the same time the plaintiff also filed a claim against the estate, which, if allowed, would have entirely absorbed it. It also appears that prior to the filing of the application to sell and the claim the plaintiff had expressed himself as satisfied with the construction given the will, and such expressions of satisfaction were communicated to the defendant, Anna Cassel.

3. WILLS: construction: estoppel.

Relying upon the construction given the will and the conduct and statements of the plaintiff, the appellee filed a resistance to the application to sell the property, and offered to provide a home for the plaintiff as long as he lived. She also filed objections to the claim of the plaintiff. In resisting the application to sell and the claim filed, the defendant employed counsel at considerable expense and incurred the expense of three trips from her home in Norton, Kan., to Ottumwa, Iowa, a distance of about six hundred miles. The application to sell for support was finally abandoned by the plaintiff, and he went to Kansas to live with his daughter, the defendant, Anna Cassel, in accordance with the offer of support made by her. He remained there only a few weeks, however, and subsequently prosecuted the present action.

We think the proven facts are sufficient to estop the plaintiff from now claiming to be the absolute owner of the property under the will. It is apparent from the entire record that the statements and acts of the plaintiff induced the defendant to assume burdens which she would not otherwise have taken upon herself. A party may not deny that which he has solemnly asserted to be true when such denial will prejudice one who has relied upon his former

statement.   *Hubbard v. Hartford Ins. Co.*, 33 Iowa, 325.
And he will be estopped, although he was in error as to
the truth, if his statement was intended to, and did, in-
fluence another to act thereon.   *Smith v. Cramer*, 39 Iowa,
413; *Kirchman v. Standard Coal Co.*, 112 Iowa, 676.

The facts in this case bring it within the rule of the
cases cited, and the judgment will be affirmed on the
ground of an estoppel.   *Affirmed.*