Security Trust Company of Pottstown *v.* Feist, Admrx. et al., Appellants.

Argued January 16, 1939.  Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Lemuel B. Schofield,* with him *Edred J. Pennell,* for appellants.

*Franklin L. Wright,* with him *Charles Townley Larzelere, Federico F. Mauck* and *Edward M. Hawes,* for appellee.

OPINION BY MR. JUSTICE STERN, March 22, 1939:

This is an action to foreclose a mortgage executed by Jacob G. Feist and Loretta S. Feist, his wife, in favor of plaintiff trust company. The mortgage was on land purchased in 1916 by or on behalf of Mrs. Feist for $17,200, of which plaintiff loaned $11,000, and as security took title in its own name; the debt was subsequently reduced by payments to $8,100. In 1923, at the suggestion of the State Banking Department, the title was conveyed to Mrs. Feist; she, with her husband, executed a mortgage in the sum of $8,100, which is the mortgage in suit; the property was thereupon reconveyed to plaintiff as trustee for Mrs. Feist, under and subject to the mortgage. Feist died prior to the institution of the present proceedings, and Mrs. Feist will be referred to hereinafter as the defendant.

Neither in her affidavit of defense nor at the trial of the cause did defendant claim that any direct payment on the mortgage was ever made. She did allege, and it is admitted by plaintiff, that in 1924 the latter conveyed a dwelling on a lot constituting part of the tract to one of its employees, who executed a mortgage thereon for $3,000 and immediately reconveyed to plaintiff as trustee for defendant. By a similar transaction in the same year a mortgage of $6,000 was created on a second lot, plaintiff itself advancing the money on this mortgage. It is defendant's contention that the $9,000 obtained as the proceeds of these two mortgages was received by plaintiff as trustee and operated as an extinguishment of its mortgage of $8,100. It appears, however, that they were negotiated in the course of the development of the

tract and that the proceeds were used in the construction of a house on the second lot which was afterwards sold by defendant; the consideration for the sale was another property given in exchange by the purchaser and $10,000 in addition, of which latter sum $6,000 was used to pay off the mortgage on the property sold, $2,000 was credited to defendant's account, and $2,000 paid to her husband, who was acting for her. Plaintiff produced evidence to the effect that, while Feist was the active participant, all matters in relation to the property were discussed with him in the presence of defendant and that the development of the land, the construction of houses, the negotiation of mortgages, and the application of the proceeds were all known to, and presumably acquiesced in and approved by her. It is a significant fact that she herself did not take the witness stand to contradict this testimony. The jury, which brought in a verdict for plaintiff, must have come to the conclusion that all that was planned and done by Feist was with her consent, that the proceeds from the mortgages placed on the two lots were expended on her property, and that she ultimately obtained the benefit therefrom by the sale of the second lot and therefore had no right to claim that the $9,000 should have been applied to the payment of the mortgage of $8,100 or that plaintiff in fact received any part of it.

Failing thus in her effort to prove an actual liquidation of the mortgage, defendant fell back upon a second line of defense based upon the following facts: In 1925 plaintiff presented a petition to the court of common pleas setting forth that it had acquired legal title to the property for and on behalf of defendant, and that "the said petitioner has no interest whatsoever in and to any of the said premises," and praying that a decree be entered authorizing and directing it to reconvey the premises to defendant "in fee simple, freed and discharged of all trusts, contingencies, and remainders, and indefeasible by any party or persons having a present or expect-

ant interest therein." There was attached an affidavit by defendant and her husband that the facts of the petition were true, and they joined in asking that the prayer be granted. The court entered a decree authorizing and directing plaintiff to execute a deed, the title of defendant to be "in fee simple, indefeasible by any party or persons having a present or expectant interest in the said premises, and unprejudiced by any error in the proceedings of the court." Accordingly a deed was executed by plaintiff as trustee for defendant which referred to the petition and decree and conveyed the property with "all the estate, right, title, interest, use, trust, property, possession, claim and demand whatsoever, of the said The Security Trust Company of Pottstown, Pa., in law, equity, or otherwise howsoever, of, in to or out of the same." It contained a covenant that "the said The Security Trust Company of Pottstown, Pa., does covenant, promise and agree, to and with the said Loretta S. Feist, her heirs and assigns, that it, the said The Security Trust Company of Pottstown, Pa., has not done, committed, or knowingly or willingly suffered to be done or committed, any act, matter or thing whatsoever, whereby the premises hereby granted, or any part thereof, is, are, shall, or may be impeached, charged or incumbered, in title, charge, estate, or otherwise howsoever."

It is immediately apparent that these documents— petition, decree and deed—were prepared by one who either was uninformed in regard to plaintiff's mortgage or carelessly overlooked its existence. Defendant seizes upon their unfortunate phraseology in an attempt to invoke against plaintiff principles of estoppel and res adjudicata, although there is not a scintilla of proof, nor even a claim, other than the abortive attempt hereinbefore referred to, that the mortgage has in fact been paid. It would not be an administration of justice if, instead of recognizing the actualities, a court were to penalize plaintiff merely because of the inept use of technical language in these legal instruments. Not only, from time

to time during a period of five years after the delivery of the deed of 1925, did plaintiff execute releases of parts of the land from the lien of its mortgage in order that good titles might be given by defendant to purchasers of lots, but the interest on its mortgage was paid for eight years after the deed was executed. Thus the mortgage was recognized by defendant all during that period although she now says that it was extinguished by the wording of the 1925 deed. It is true that she claims there is no direct proof that she personally knew of these releases or that she herself made the interest payments, but it is reasonably clear, as the jury evidently concluded, that her husband's status as agent as well as her own contacts with all matters concerning the property were such that she must be deemed to have had knowledge of the release and of the semiannual payments of the interest. Indeed, liability on the mortgage was never denied by her until the filing of her affidavit of defense in the present suit.

Defendant's position is not supported even by the technical considerations upon which she relies. The averment in the petition that "the said petitioner has no interest whatsoever in and to any of the said premises," while evidentially an admission, does not work an estoppel against plaintiff because the true fact was known to defendant, nor did she change her position or suffer any damage in reliance upon the statement. The conveyance to her, while stated to be for the nominal consideration of $100, was but a transfer of the legal title of a dry trust to the owner of the equitable interest. Defendant not being a purchaser for value, the cases cited to establish the principle that a grantor who conveys property in a representative capacity is estopped to assert an individual title in derogation of the deed are not applicable.

As to the decree of the court being res adjudicata in its provision that defendant's title was to be in fee simple, indefeasible by any party or persons having a present or expectant interest in the premises, that doctrine

would be sorely strained were it to be applied to a decree made on an ex parte application, even though assented to by another party concerned, especially where both parties are cognizant of the facts. The ordinary rule is that ex parte proceedings do not constitute a bar to the litigation of the same matters in a subsequent formal action: see *In re Morgan's Estate*, 125 Ia. 247, 101 N. W. 127; *Criley v. Cassel*, 144 Ia. 685, 123 N. W. 348.* Moreover, while in form the petition and decree did not name plaintiff as trustee, it was in that capacity only that the proceedings were had, whereas the present claim on the mortgage is by plaintiff in its own right. The doctrine of res adjudicata does not generally apply where a party appears in the two proceedings in different capacities: see *Sample v. Coulson*, 9 W. & S. 62.

In the clause in the deed whereby plaintiff conveyed all the right, title and interest of "the said The Security Trust Company of Pottstown, Pa.," the omission of the word "trustee"—clearly inadvertent—is of no legal significance in view of the fact that the grantor is named as "The Security Trust Company of Pottstown, Pa., trustee for Loretta S. Feist," and the deed is signed by plaintiff as trustee. In various other places in the deed plaintiff is referred to indiscriminately with or without the designation of trustee, but the surrounding facts and circumstances show that it was the intention and understanding of the parties that all the representations and covenants were made by plaintiff in its capacity as trustee: see *Miner's Appeal*, 61 Pa. 283, 289; *Meigs v. Lewis*,

---

* Such authorities as *Brock v. Pennsylvania Steel Co.*, 203 Pa. 249; *Myers v. Crick*, 271 Pa. 399, and *Swartz v. Crum*, 110 Pa. Superior Ct. 102, are not apposite; they hold merely that where the orphans' court has decreed that a property should be sold under the Price Act of April 18, 1853, P. L. 503, or the Revised Price Act of June 7, 1917, P. L. 388, a purchaser cannot refuse title on the ground that the decree was erroneous, since the order of a tribunal of competent jurisdiction, unappealed from, cannot be collaterally attacked in proceedings in another court.

164 Pa. 597, 600; *Garvin v. Lancaster County,* 290 Pa. 448, 451, 452. As to the covenant against the commission or sufferance by the grantor of any act encumbering the title, it is to be remembered not only that it was defendant herself who executed the mortgage here in controversy, but that the mortgage was already on the property when plaintiff acquired the title as trustee which it conveyed to defendant. Nor does the statutory implied covenant for quiet enjoyment militate against plaintiff's claim, because words of grant used by a fiduciary do not imply a personal undertaking: *Shontz v. Brown,* 27 Pa. 123, 134; *Little v. Thropp,* 245 Pa. 539, 545.

Defendant challenges the admissibility of the testimony of the vice-president of plaintiff company, and also of one of its stockholders, on the ground that, under the Act of May 23, 1887, P. L. 158, section 5(e), they were incompetent witnesses: *Swoope's Estate,* 317 Pa. 584. Plaintiff executed a release of all claims for a deficiency judgment against the estate of Jacob G. Feist, and, under such circumstances, his estate had no interest in the action, his inchoate right of curtesy in his wife's property having ceased with his death. Defendant attacks the motive for the giving of this release, but motive is immaterial: *Dellacasse v. Floyd,* 332 Pa. 218, 220. Defendant contends that if she should be compelled to pay a deficiency judgment against her she would have a right of action over against her husband's estate for proportional indemnity, and that therefore the estate was at least indirectly concerned. This, however, is too remote a consideration upon which to declare witnesses incompetent; the estate was not interested in the *immediate* result of the present suit, and consequently the Act of 1887 does not apply: *Lancaster County National Bank v. Henning,* 171 Pa. 399, 403; *Wolfe v. Scott,* 275 Pa. 343, 346; *Dellacasse v. Floyd,* supra, footnote pp. 220, 221; *Strause v. Braunreuter,* 4 Pa. Superior Ct. 263, 267; *Waugaman v. Henry,* 75 Pa. Superior Ct. 94, 100.

Judgment affirmed.